He brought an action for assault and battery against Lord Savel and Mountain, to his damage £ 5,000, and on non culp. pleaded by Mountain, and son assault demesne by Lord Savel, the jury at the bar of Westminister found in both points for the plaintiff, and £ 3,000 damages. And on the same day, a day was asked by the defendants to move in arrest of judgment. Whereupon their attorneys examined the record and found that in the imparlance roll no day or year was entered, but blanks were left for them; and it was alleged contra pacem rigis nunc, and the issue roll was perfect. Wherefore they spoke to the Prothonotary to have arecordatum sealed the next day. But the plaintiff's attorney having knowledge of this, with one Cook and others, obtained the key of the office, under pretence of entering judgment multo mane, and four of them went with a lanthorn and candle, at about eleven o'clock at night, and filled up the blanks and made the record perfect; which being discovered, the court was moved on behalf of the defendant that the roll should be altered and made as it was before, and that all what the plaintiff's attorney and others had written, should be erased; and the motion was depending during the whole Michaelmas term, and argued six times at the bar, and many books were cited.
1. The declaration, having been entered two terms ago, cannot be amended.
2. The issue roll may sometimes be amended by the imparlance roll, but in no case e converso, because the imparlance is the roll of the court and the ground of all their proceedings, and the issue roll is made from it.
3. This is a matter of substance, ergo out of all the statutes of amendment. *Page 752 
4. It was no laches of the clerk, but ought to have been done by the party itself.
5. It was done in an undue time, and in an undue manner. Wherefore the defendant prayed that the record should be made as it was before, and that those who had altered it should be punished. After much inquiry and the examination of Brownlow, Chief Prothonotary, which was permitted in this case, although there was no precedent of any such examination before, it was argued by Henden and Crew, Serjeants, that the amendment was well.
*The usage of every court is the law of that court, and therefore this amendment in the matter (although perhaps not in the manner), being warranted by the usage of this court, is well.
And it was said by the clerks that the custom is to enter the declarations in transient actions with blanks, and on the issue to agree from time to time how to fill them up, and then sometimes before verdict, and saepe after, to make the roll perfect.
In a common recovery, although no original be filed, yet it is the common practice of the court to file it within the year, and this is a case of more importance, for the original is the ground of all subsequent proceedings. In the case of Parker v. Parker, the day and year were omitted, and the recordatur entered; yet the plaintiff had judgment. Dyer, 24; 7 H., 6, 22. In trespass, in the count succidit was amended. 7 H., 4, 27. In an appeal. 10 H., 7, 25. Per Bryan.
And now, on examination, it appears that the clerk had perfect instructions from the commencement of the suit, and this, by statute 8 H., 6, 12, p. 130, is amendable. 33 H., 6, 2. Omission in the court. 37 H., 6, 12. Omission of three jurors. Tr. 15 Jac., Gibson v. West, in ejectionefirmae, the number of acres was omitted and amended. 1 Car., interGranfield et Cromer et alios, in the ven. fac. the name of one of the defendants was omitted, but all the rest of the proceedings were right; and a supersedeas being awarded to the execution, a supersedeas was awarded to the supersedeas. 2 R., 3, 12. Besides, until the recordatur be made, the roll is in the power of the clerks, and they may amend it, and make it perfect in obscure times (out of court) provided they do not alter the ground of the action. But when a recordatur is made, it has so much force that it puts it out of the clerk's power to amend it, without the direction of the court. And the recordatur may be obtained either by rule of court or writ of error. Notwithstanding the exception taken to the roll, until therecordatur be entered and sealed, the clerk may amend. 5 H., 5, 5; 22 H., 6, 58; 35 H., 6, 40, in replevin with blanks per Prisot. 5 E., 4, perDanby. In many cases, although the record be imperfect at first, it may be amended afterwards, as in an habere fac. seisinam. If anyone be in a secret part of the *Page 753 
house, unknown to the sheriff, he may have another habere facias seisinam
and another execution. This was adjudged in the case of Brown and Evisam. 22 H. Br. Stat. Merchant, 40.
Afterwards, at Hill. term, this case was argued *by all the Justices of the Bench, and they unanimiter resolved that the clerks might well amend it until the recordatur was entered; yet this does not bind the court, who may have it amended, if they see cause. They say this was only a matter of form, and if it had not been amended, the court would have seen it done. For the writ being at first anno regis nunc, et contra pacem regis nunc, it shall be intended to have been done before the writ was brought, and here the clerk had perfect instructions. Judgment was given pro quaerente.
Nota. Finch, Serj., moved the court that all the depositions which had been taken in this case might be recorded, as before they were only in paper. But the court denied this. It was thought his intention was, if he could have had them recorded he would have had them removed in Chancery, and therefrom transferred to the King's Bench, or other court, to have them reexamined there. Poph., 207; 3 Bulstr., 311; Bendl., 156.